UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD M. BUSTO, | No. 2:19-cv-1342-TLN-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, | (ECF Nos. 1, 2.) |
| Defendant. | |

Plaintiff, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Setting aside Plaintiff's unwarranted commentary, his application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants Plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

**Legal Standard – Subject Matter Jurisdiction and Legally Frivolous Filings**

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

**Analysis**

Here, Plaintiff's Complaint asserts both Federal Question Jurisdiction and Diversity Jurisdiction. However, Plaintiff does not list any particular federal statute on which he bases his complaint. Further, he lists his home address being in North Hollywood, Los Angeles, California, and is suing the State of California; thus, diversity jurisdiction does not appear to exist. Walters v. U.S. Bank, N.A., 203 F. Supp. 3d 1055, 1057 (C.D. Cal. 2016) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.") (citing Kanter v. Warner–Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Therefore, the Court has no jurisdiction to hear Plaintiff's complaint, and must dismiss. Fed. R. Civ. P. 12(h)(3).

Additionally, the Court considers its obligation to construe a pro se complaint liberally. In another section of his Complaint, Plaintiff contradictorily lists his state of residence as "Wisconsin," and asserts (in a conclusory fashion) that the amount in controversy is over $75,000. Even accepting this alternate statement of domicile as true (and therefore accepting diversity jurisdiction), Plaintiff's complaint suffers from a more fundamental problem: his statement of claim is wholly frivolous, provides no facts on which to base a controversy, and appears designed for the single purpose of harassing Defendant. While true that the Complaint lists a number of legal terms in the "statement of claim" section, Plaintiff's assertions are otherwise incognizable. (See ECF No. 1 at p. 4, asserting, among other things, that California is violating "all of its laws.").

In light of plaintiff's pro se status, the Court finds it appropriate to grant Plaintiff an opportunity to amend the complaint. The Court warns Plaintiff that further frivolous suits will be subject to sanctions under Federal Rule 11, which bars any filing that "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost

of litigation." Fed. R. Civ. P. 11(b)(1).  All claims must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11(b)(2).  Finally, any factual contentions must have evidentiary support. Rule 11(b)(3).  Sanctions may include monetary penalties or dismissal with prejudice. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a) ); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981)(affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

If, after careful consideration, Plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined in this order, and shall be filed within 28 days of this order. Therein, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of his right, and what specific injury he suffered because of the other person's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  Each claim of an alleged violation must be set forth in a separate count.  Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Alternatively, if Plaintiff determines that he is unable to amend his complaint in compliance with Rule 11, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); he should do so within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's complaint is DISMISSED, but with leave to amend;

3. Within 28 days of this order, Plaintiff shall file either (a) a first amended complaint in

accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: July 29, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bust.1342