UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD M. BUSTO,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Defendant. | No. 2:19-cv-1342-TLN-KJN PS<br><br><u>ORDER AND</u><br><u>FINDINGS AND RECOMMENDATIONS</u><br><br>(ECF No. 3) |

On July 29, 2019, the court granted plaintiff's motion to proceed *in forma pauperis*, dismissed plaintiff's complaint as legally frivolous and lacking in subject matter jurisdiction, but granted plaintiff 28 days to either file a first amended complaint or a notice of voluntary dismissal of the action without prejudice. (ECF No. 3.) Plaintiff was cautioned that failure to timely comply with the order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (<u>Id.</u>)

Plaintiff ultimately failed to file either an amended complaint or a notice of voluntary dismissal as ordered. Therefore, at this juncture, the court has little choice but to recommend dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders and failure to prosecute the action.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of

1

any and all sanctions authorized by statute or Rule or within the inherent power of the Court."
Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense. With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. Despite the legally frivolous claims asserted in the complaint, the court construed plaintiff's claim extremely liberally and granted him an opportunity to amend. The court provided plaintiff with instructions on how to amend to properly assert any claim he might have. The court also clearly cautioned plaintiff regarding the potential consequences of any continued failure to comply with the court's orders. Additionally, given plaintiff's initial request to proceed *in forma pauperis* and his complete failure to respond to the court's orders, the court does not believe that plaintiff could or would pay any monetary sanctions if they were ordered.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with court orders that precludes a resolution on the merits.

Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

1    These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served on all parties and filed with the court within fourteen (14) days after service of the
7 objections.  The parties are advised that failure to file objections within the specified time may
8 waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
9 Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  August 30, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bust.1342